**DORCHESTER GAS PRODUCING COMPANY, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

No. 79–3431.

United States Court of Appeals, Fifth Circuit.

July 30, 1980.

Anderson, Brown, Orn & Jones, Clayton L. Orn, Houston, Tex., Ross, Marsh & Forster, George W. Stafford, Sherman S. Poland, Washington, D. C., for petitioner Dorchester Gas Producing Co.

Stephen R. Melton, Jerome Nelson, Sol., Washington, D. C., for respondents Federal Energy Regulatory Commission.

Before CHARLES CLARK, RONEY and GARZA, Circuit Judges.

PER CURIAM:

The issue in this case is whether the Federal Energy Regulatory Commission (FERC) acted within the scope of this Court's mandate in *Dorchester Gas Producing Co. v. FERC,* 571 F.2d 823 (5th Cir. 1978) (*Dorchester I*), in rejecting an amended settlement offer proposed by petitioner, Dorchester Gas Producing Co.

Under the original settlement agreement submitted by Dorchester for approval, it sought authority to use monies charged in excess of established area rates to explore for natural gas, attempting to attain refund forgiveness under the so-called *Permian* test. *See Permian Basin Area Rate Proceeding,* 34 F.P.C. 159 (1964), *remanded sub nom. Skelly Oil Co. v. FPC,* 375 F.2d 6 (10th Cir. 1967), *aff'd in part, rev'd in part sub nom. Permian Basin Area Rate Cases,* 390 U.S. 747, 88 S.Ct. 1344, 20 L.Ed.2d 312 (1968). Although affirming the Commission's rejection of the proposal, we nevertheless remanded the case with the following directions:

> We feel constrained, however, to note that the increasing problems wrought by the natural gas shortage may have substantially altered the Commission's assessment of the public interest during the two years that have elapsed since Dorchester first submitted evidence in support of its settlement proposal. Moreover, the Commission's disapproval of the terms of Dorchester's settlement agreement may be susceptible to recantation if Dorchester and Northern attempt to re-negotiate the settlement terms. Accordingly, we feel that upon remand, the Commission should further stay its order for Dorchester to refund the escrowed funds in order to allow Dorchester the opportunity to submit an amended settlement agreement for FERC approval. Should Dorchester choose to do so, it should structure the terms of the new agreement to meet the specific objections voiced by the Commission in passing on Dorchester's original proposal. Should Dorchester choose not to submit a new proposal within a reasonable time, or should Dorchester submit a proposal that represents a materially unaltered version of the original agreement, the FERC is free to lift its stay in this case and to order forthwith Dorchester's compliance with the orders in issue here.

571 F.2d at 833.

Following remand, Dorchester submitted to the Commission a revised settlement agreement. The Commission again rebuffed Dorchester's attempt to justify its settlement by reference to the special *Permian* standard.

Dorchester argues the Commission erred in rejecting newly proffered evidence on the ground that our remand was designed to provide it with an opportunity to prove it was entitled to special relief under the *Permian* test. The purpose of our remand, however, was not to give Dorchester a second chance to litigate the special relief question, which the Commission had decided adversely to it. Instead, we remanded to give the Commission an opportunity to assess the public interest in light of the current exigencies wrought by this country's natural gas shortage. The Commission concluded the public interest did not demand the questioned funds be applied to exploration, specifically finding that the new rate structure contained sufficient incentive for exploration for new gas. This finding must be sustained on this review.

Dorchester argues the Commission improperly discriminated against it, since, only weeks before denying Dorchester's revised

settlement, the Commission had approved a similar settlement proposal in an unrelated proceeding. *See Phillips Petroleum Co.,* Docket No. CI68–815 (June 22, 1979). In approving that proposed settlement, however, the Commission specifically noted,

> We think it is in the public interest to accept the proposed settlement. However, the exploration and development program proposed by Phillips has not played an important part in our consideration. Furthermore, we express no view as to the continued viability of the 3 for 2 split with respect to the funds for such program, and we reserve the right to reexamine this concept in a future case.

As we recently noted in connection with a review of a FERC decision denying a refund request, "The fact that the Commission grants relief on one set of facts does not require it to do so on another." *Estate of French v. FERC,* 603 F.2d 1158, 1166 (5th Cir. 1979).

The Commission correctly understood the remand to require consideration of the public interest at the time of remand. Once it determined that the public had no interest in recapturing these funds for exploration, it became unnecessary for the Commission to consider the matter further.

Because the Commission proceedings complied with our prior mandate, its orders are due to be affirmed. *See FTC v. Colgate-Palmolive Co.,* 380 U.S. 374, 382–84, 85 S.Ct. 1035, 1041–42, 13 L.Ed.2d 904 (1965).

AFFIRMED.